seungchoi26.ple

LEONARDO M. RAPADAJ
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00081 |
| Plaintiff, | |
| vs. | AMENDED PLEA AGREEMENT |
| SEUNG PILL CHOI, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, SEUNG PILL CHOI, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Indictment charging him with Fraud in Connection with Identification Documents, in violation of Title 18, United States Code, Sections 2 and 1028(a)(6)

2(a) The defendant, SEUNG PILL CHOI, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of fraudulently issued Guam drivers licenses, illegal employment of aliens, and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense(s) to which he is pleading guilty. Cooperation will also include

- 1 -



complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular in Paragraph 9 of this plea agreement, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the

CNMI.

3. The defendant, SEUNG PILL CHOI, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in activities related to the illegal issuance of Guam drivers licenses, the illegal employment of aliens, and his knowledge of others' involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

4(a) The defendant, SEUNG PILL CHOI, understands that the <u>maximum</u> sentence for Fraud in Connection with Identification Documents in violation of 18 U.S.C. § 1028(a)(6) concerning possession of said documents is a term of one (1) year imprisonment, a $100,000 fine, and a $25 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than one(1) year in addition to such terms of imprisonment. **Furthermore, if the defendant violates a\***

4(b) If defendant cooperates as set forth in Paragraphs 2 and 3, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines.

4(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of Fraud in Connection with Identification Documents as charged pursuant to 18 U.S.C. § 1028(a)(6), the government must prove each of the following elements beyond a reasonable doubt.:

<u>First</u>: the defendant possessed an identification document or authentication feature;

**\*condition of his supervised release and the Court decides to revoke his term of supervised release, the defendant also faces up to an additional one year of imprisonment.**

-3-

> Second: this identification document or authentication feature
> appeared to be an identification document or authentication feature
> of the United States;
>
> Third: this identification document or authentication feature was produced
> without lawful authority; and
>
> Fourth: the defendant knew that such document or feature was produced
> without such authority.

To be found guilty of Fraud in Connection with Identification Documents by aiding and abetting in the commission of the offense, the government must prove beyond a reasonable doubt:

> First: that the crime of Fraud in Connection with Identification
> Documents was committed by someone;
>
> Second: the defendant knowingly and intentionally aided, induced
> and procured that person to commit each element of the offense of
> Fraud in Connection with Identification Documents;
>
> Third: the defendant acted before the crime was completed.

6. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1970, and is a citizen of Korea.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) The defendant entered Guam December 10, 2003, on a Guam Tourist Visa Waiver, and failed to return to Korea within 15 days. Instead, he remained on Guam and became illegally employed. Because he was in the United States illegally, he was not eligible to secure a U.S. social security number or a U.S. taxpayer identification number (TIN) or any other document

-4-

issued by the United States which would evidence his right to remain in the United States.

The Guam Motor Vehicle Division (MVD) regulations prohibit an alien from receiving a Guam drivers license unless he has proof that he is entitled to be in the United States, as evidenced either by an original social security card, an original, notarized letter from the Social Security Administration authenticating his social security number, or an original letter from the Internal Revenue Service authenticating his TIN. The MVD regulations allow issuance of a Guam driver's license based upon a passport, but the license is only good for one year, and the person applying for such license must demonstrate that he had applied for a social security number or a TIN and was denied by the agency.

Defendant knew that regular drivers licenses could be illegally procured from the MVD, but that he had to produce either a social security number or other form of authentic United States identification. Defendant knew he would have to obtain the license using fraudulent documents.

Defendant was told by a friend to contact Eun Young Lee ("Lee"), a person known to both of them, saying that Lee was helping the friend obtain an illegal drivers license and she could also help the Defendant. Defendant contacted Lee and paid her $500 to obtain a Guam driver's license illegally. Subsequently, Lee gave Defendant a small printed form containing a TIN, which Defendant believed to have been fraudulently obtained, and a Guam driver's license application form. Lee helped Defendant fill out the application form and then took Defendant to the MVD to pick up his license. Defendant and other individuals for whom Lee was also procuring licenses went to the MVD on March 10, 2004. Defendant was issued license number 1228096852. He did not know the exact method Lee employed to obtain this illegal license. The drivers license reflected 953190616 as his "Social Security/ID No."

The government can prove that Eun Young Lee has a contact within MVD who is helping her secure Guam drivers licenses illegally. As identification to satisfy the MVD requirements, she used a xeroxed letter issued by the Internal Revenue Service assigning an individual a

taxpayer identification number. She altered the letter to reflect defendant's name, and created a fictitious TIN,. 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. Her confederate at the MVD recorded this fictitious TIN on defendant's license application and processed it through the MVD system.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

7. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

8. Defendant understands that whether he has completely fulfilled all of the obligations under this agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the

- 6 -

Case 1:06-cr-00081    Document 17    Filed 09/18/2007    Page 6 of 8

polygrapher's conclusions and opinions shall be admissible.

9. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. He agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense;

(i) That this plea agreement has been translated into his native language and he fully understands it.

DATED: 8/31/07

SEUNG PILL CHOI
Defendant

DATED: 8/31/07

G. PATRICK CIVILLE
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 8/31/07      By:

KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 8/31/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

-8-