THE LAW OFFICES OF MARK S. SMITH
456 West O'Brien Dr., Suite 102-D
Hagatna, Guam 96910
Telephone : (671) 477-6631/32
Facsimile:  (671) 477-8831

Attorney for Defendant,
*Seung Pill Choi*

**FILED**
DISTRICT COURT OF GUAM

SEP 2 4 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 06-00081 |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF POINTS AND AUTHORITIES FOR MODIFICATION OF BAIL AND/OR SETTING CONDITIONS FOR RELEASE** |
| ) | |
| v. ) | |
| ) | |
| SEUNG PILL CHOI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Comes now, Defendant Seung Pill Choi, by and through his counsel of record, Mark S. Smith, and moves this court for an order for modification of bail and/or setting conditions for release.

### MODIFICATION OF BAIL FOR PURPOSES OF RELEASING DEFENDANT INTO THE CUSTODY OF A THIRD PARTY CUSTODIAN

### SETTING CONDITIONS FOR PRE-TRIAL RELEASE

Title 18 U.S.C. §3142 (b) mandates release subject to certain specified conditions after the court determines that personal recognizance or unsecured release will not reasonably assure appearance or defendant's release will endanger any other person or the community. The conditions, which must include that a person not violate any federal, state, or local law, must be the least

restrictive conditions necessary to reasonably assure the person's appearance and the community's safety. U.S. v. Fortna, 769 F.2d 243 (5th Cir. 1985), cert. denied, 479 U.S. 950 (1986); U.S. v. Orta, 760 F.2d 887 (8th Cir. 1985) (en banc).

Title 18 U.S.C. § 3142 (b), States in relevant part:

> **Release on conditions.-(1)** If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person-
>
> **(A)** subject to the condition that the person not commit a Federal, State, or local crime during the period of release; and
>
> **(B)** subject tot he least restrictive further condition, or combination of the conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person-
>
> **(I)** remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial offer that the person will appear as required and will not pose a danger to the safety of any person or the community;
>
> \* \* \* \* \*
>
> **(iv)** abide by specified restrictions on personal association, please of abode, or travel;
>
> **(v)** avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
>
> **(vi)** report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
>
> **(vii)** comply with a specified curfew;

    **(viii)** refrain from possessing a firearm, destructive device, or other dangerous weapon;

Conditions considered for possible release from pretrial detention must be feasible conditions, not conditions that are unduly burdensome for the Government or unduly expensive, or which would require extraordinary, heroic efforts to implement and whether conditions are reasonable depends to a certain extent on the circumstances of the case. U.S. v. Patriarca, D.Mass, 776 F. Supp. 593 (1991).

The proposed Third Party Custodian, Chin Eui No, is a pastor and has resided on Guam for more than eleven (11) years. He has no criminal history in Korea or Guam. He has been gainfully employed as a pastor for the Beautiful United Church since his arrival in Guam and understands the responsibilities and duties of a third party custodian. He currently resides in a condominium located at 116 Tumon Heights Road, Ypao Villa Condominium #R-3, Tumon Guam 96913 and will provide living arrangements for defendant.

Upon information and belief, he has been interviewed and approved by the U.S. Probation Office and is a qualified third-party custodian. He understands the consequences of Defendant's failure for following the conditions of release imposed by the court.

Therefore, Defendant respectfully requests that Chin Eui No, be appointed as a third-party custodian and he be released into his custody.

//

//

//

## CONCLUSION

Based upon the foregoing facts and law, Defendant respectfully requests this court appoint Chin Eui No as a third-party custodian and released into his custody.

Dated this 24th day of September, 2007.

Respectfully submitted,

By: _____
MARK S. SMITH, ESQ.
Attorney for Defendant,
*Seung Pill Choi*